FILED

2018 FEB 15 AM 11:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM BRINSON BALL

CASE NO. 8:18-cr-69-T-17AAS
18 U.S.C. § 2422(b)
18 U.S.C. § 2252(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about January 2018, and continuing through on or about February 14, 2018, in the Middle District of Florida, and elsewhere, the defendant,

WILLIAM BRINSON BALL,

using a facility and means of interstate and foreign commerce, that is, a cellular telephone and computer via the Internet, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the State of Florida, that is, the crime of lewd or lascivious battery upon a person less than 16 years of age, in violation of Fla. Stat. §§ 800.04(4)(a) and (4)(b).

In violation 18 U.S.C. § 2422(b).

## COUNT TWO

On or about January 19, 2018, in the Middle District of Florida, and elsewhere, the defendant,

WILLIAM BRINSON BALL,

did knowingly transport and ship using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, any visual depiction, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

All in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such

violation.

3. The property to be forfeited includes, but is not limited to, the following: $5,000.00, Apple iPhone SE with model number A1723, and any other electronic devices used in the commission of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

3. Upon conviction of a violation of 18 U.S.C. § 2252(a)(1), the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

      b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, the following: electronic devices used in the commission of the offense.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 2253 and 2428.

A TRUE BILL,

*Amy R White*
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Lisa M. Thelwell
Assistant United States Attorney

By: _____
Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section

FORM OBD-34
February 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

WILLIAM BRINSON BALL

## INDICTMENT

Violations:  18 U.S.C. § 2422(b)
18 U.S.C. § 2252(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 15th day of February 2018.

_____
Clerk

Bail $_____

GPO 863 525