UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           Case No. 8:18-cr-69-VMC-AAS

WILLIAM BRINSON BALL
_____/

ORDER

Defendant William Brinson Ball requests return of $5,000 he paid to an undercover Homeland Security Investigations (HSI) special agent. (Doc. 166). The United States opposes the defendant's motion. (Doc. 173). The defendant replied in opposition to the United States' response. (Doc. 177). The defendant also requests an evidentiary hearing and for production of documents related to the motion. (Docs. 178, 179).

I.   BACKGROUND

On February 15, 2018, the defendant was charged with one count of attempted child enticement, in violation of 18 U.S.C. § 2422(b), and one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). (Doc. 1). The forfeiture allegations notified the defendant that the United States intended to pursue forfeiture of property under 18 U.S.C. § 2253 and § 2528(b), including an Apple iPhone SE and $5,000. (*Id.*).

1

The defendant entered into a Plea Agreement in which he agreed to enter a plea of guilty as to Count I and Count II and agreed to the forfeiture of the iPhone and the $5,000. (Doc. 36, p. 8). In the Plea Agreement, the defendant admitted he traveled from Dubai to Tampa to engage in sexual activities with a seven-year-old child. (*Id.*, p. 24). The defendant also admitted he wired $5,000 to an undercover HSI special agent posing as the child's father on February 13, 2018 and February 14, 2018, as payment for a two-day sexual encounter with the child. (*Id.*, p. 26).

The United States did not pursue the judicial forfeiture of the $5,000 because the government had legal title to the funds because of the defendant voluntarily paying the funds to the undercover agent in the commission of the offense. (Doc. 38, p. 2, n. 1). The iPhone was forfeited on July 25, 2018. (Doc. 46). In June 2020, the defendant moved for the return of noncontraband electronic property stored on the iPhone, which was provided. (*See* Docs. 99, 105, 150).

The defendant now moves under Federal Rule of Criminal Procedure 41(g) for the return of the $5,000 paid to the undercover HSI special agent in exchange for a sexual encounter with a child. (Doc. 166). In response, the United States argues Rule 41(g) does not apply to the $5,000 and, even if it did, the defendant would not be entitled to relief. (Doc. 173). The defendant replied in opposition to the United States' response and argues he has a possessory

interest in the $5,000. (Doc. 177). The defendant also requests an evidentiary hearing and the production of certain documents allegedly supporting his motion for return of property. (Doc. 178).

## II.   ANALYSIS

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). To invoke Rule 41(g), the defendant must first show he had a possessory interest in the seized property. *Id.* Second, "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." *Id.* (citation omitted). "The unclean hands doctrine proscribes equitable relief when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks.' The doctrine might apply, for example, if a felon requests the return or transfer of property used in furtherance of his offense." *Henderson v. United States*, 135 S. Ct. 1780, 1783 (2015) (internal citation omitted).

As an initial matter, the United States argues Rule 41(g) does not apply because the $5,000 was not seized; instead, the defendant voluntarily paid the $5,000 to the undercover HIS special agent. The court need not address this

3

argument because the defendant does not meet the requirements for return of property under Rule 41(g), even if applicable.

First, the defendant cannot show he had a possessory interest in the $5,000. At the time of his arrest, the defendant voluntarily relinquished ownership of the funds as part of his illegal agreement to purchase a sexual encounter with a seven-year-old child. Even if the defendant had a possessory interest in the $5,000—which he does not—the defendant is not entitled to its return because the defendant has "unclean hands." *See United States v. Howell*, 425 F.3d at 974; *see also United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (holding that the district court acted within its discretion in the denying the defendant's Rule 41(g) motion because to do otherwise would have returned the fruits of his crimes), abrogated on other grounds, *Bowles v. Russell*, 551 U.S. 205 (2007).

The unclean hands doctrine forbids equitable relief when "an individual's misconduct has immediate and necessary relation to the equity that he seeks." *Henderson v. United States*, 135 S. Ct. 1780, 1783 (2015) (internal quotations omitted); *See United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. 2021) (finding no abuse of discretion for denying motion requesting return of items because relief was barred under unclean hands doctrine; items were admitted as evidence to prove child exploitation offenses levied against the defendant); *United States v. Mooney*, 581 F. App'x 831, 831 (11th Cir. 2014) (finding no

4

abuse of discretion for denying Rule 41(g) motion requesting the return of a laptop computer that the defendant used to communicate with an agent posing as the mother of child and to store contraband child exploitation material); *United States v. Madkins*, No. 3:08-cr-343-J-34MCR, 2015 WL 1523993, at * 2 (M.D. Fla. Apr. 2, 2015) (holding unclean hands denied return of property where property was "sexually explicit" in nature and defendant stood convicted of offenses related to the sex trafficking of minors).

In the Plea Agreement, the defendant pleaded guilty to attempted child enticement and agreed to the forfeiture of the $5,000. (Doc. 36, p. 8). The defendant also admitted he wired $5,000 to an undercover HSI special agent as payment for the sexual encounter with the child. (*Id.*, p. 26). The defendant's attempted child enticement charge has an immediate and necessary relation to the $5,000, which was voluntarily transferred from the defendant to the undercover HIS special agent to arrange the sexual encounter with the child. Thus, the defendant has unclean hands in relation to the $5,000.

Rule 41(g) requires the court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). However, "[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing." *Howell*, 425 F.3d at 976. The material facts show the defendant is not legally entitled to relief under Rule 41(g). Thus, the court is

5

not required to hold an evidentiary hearing. *See United States v. Prat*, 584 F. App'x 921, 925 (11th Cir. 2014) (finding no error in the district court's denial of Rule 41(g) motion without an evidentiary hearing where, at the time of his Rule 41(g) motion, the defendant no longer had a possessory interest in forfeited properties, and because the defendant had unclean hands).

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The defendant's motion for return of property (Doc. 166) is **DENIED**.

(2) The defendant's motion for an evidentiary hearing (Doc. 178) is **DENIED**.

(3) The defendant's motion for production of documents supporting his motion to return property (Doc. 179) is **DENIED as moot**.

**ENTERED** in Tampa, Florida on April 17, 2024.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

6